ORAL ARGUMENT NOT YET SCHEDULED

_____

NO. 13-7080
_____

IN THE UNITED STATE COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

Gregory Slate,
Plaintiff-Appellant
v.
American Broadcasting Companies, Inc., et al.,
Defendants-Appellees
_____

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA
CASE NO. 1:09-CV-01761
_____

PETITION FOR PANEL REHEARING AND PETITION FOR
REHEARING EN BANC
_____

GREGORY A. SLATE
POST OFFICE BOX 21020
WASHINGTON, DC 20009
TELEPHONE: (202) 907-7526

**ORAL ARGUMENT REQUESTED**

## TABLE OF CONTENTS

                                                                                                **Page**

TABLE OF AUTHORITIES ................................................................................. II

STATEMENT REQUIRED BY RULE 35(B) .................................................... 1

QUESTIONS PRESENTED ................................................................ 2

ARGUMENT ........................................................................................... 2

I.      Supreme Court Precedent Requires a Hearing before Sanctions

         a.    *McLaughlin* is superseded by *Chambers* and is distinguishable from the present case……………………………………………………………………………...2

         b.    This Court has never before Allowed Dismissal as a Sanction without a Hearing……………………………………………………………………………3

II.     A Hearing was Required to Determine the Appropriate Sanction………………………..3

III.    The District Court Abused its Discretion in Finding an Abuse of Process………………4

         a.    Under D.C. Law Plaintiff's Lawful use of Process is not an Abuse of Process…5

IV.    The Alleged Misconduct is not Material to the Adjudication of Central Issues in the Case……………………………………………………………………………..……7

V.     Monetary sanctions not dismissal were the appropriate sanction………………..…7

**VI.**    CONCLUSION…………………………………………………………….8

CERTIFICATE AS TO PARTIES RULINGS, AND RELATED CASES ....................... 9

CERTIFICATE OF SERVICE .............................................................................. 10

ADDENDUM ....................................................................................................... 1A

# TABLE OF AUTHORITIES

| Document | Page |
|---|---|
| BUTLER V. PEARSON, 636 F.2D 526, 531 (D.C.CIR.1980)……………………………………..8 | |
| Bonds v. District of Columbia, 93 F.3d 801, 809 (D.C.Cir.1996) ………………………………...7 | |
| *CHAMBERS V. NASCO, INC., 501 U.S. 32, 50, 55 (1991) ......................................................1,3-4 | |
| GARCIA V. BERKSHIRE LIFE INS. CO. OF AM., 569 F.3D 1174, 1177 (10TH CIR. 2009) .................. 4 | |
| HANDY V. SHAW, BRANSFORD, VEILLEUX & ROTH, CIV.A.00-2336(CKK), 2006 WL 3791387 (D.D.C. DEC. 22, 2006) ....................................................................................................... 4 | |
| JACKSON V. MURPHY, 468 F. APP'X 616, 618 (7TH CIR. 2012) ....................................................... 4 | |
| KOSZOLA V. FDIC, 393 F.3D 1294, 1300 (D.C. CIR. 2005) ............................................................ 4 | |
| LORENZEN V. EMPLOYEES RETIREMENT PLAN, 896 F.2D 228, 232 (7TH CIR.1990) ....................... 8 | |
| McLaughlin v. Bradlee, 803 F.2d 1197, 1205-06 (D.C. Cir. 1986)…………………………....1, 3-4 | |
| POPE V. FED. EXP. CORP., 138 F.R.D. 675, 676 (W.D. MO. 1990) .................................................. 4 | |
| SHEPHERD V. AMERICAN BROADCASTING COMPANIES, INC., 62 F.3D 1469, 1473 (D.C. CIR. 1995) ............................................................................................................................................... 4 | |
| WEBB V. DIST. OF COLUMBIA, 146 F.3D 964, 971 (D.C. CIR. 1998).............................. ………1, 7 | |
| VARGAS V. PELTZ, 901 F. SUPP. 1572, 1574 (S.D. FLA. 1995) ...................................................... 4 | |
| YOUNG V. OFFICE OF U.S. SENATE SERGEANT AT ARMS, 217 F.R.D. 61, 66 (D.D.C. 2003) ......... 4 | |

## **STATEMENT REQUIRED BY RULE 35(b)**

A panel of this Court affirmed the district court's dismissal of Plaintiff's copyright infringement claims as a sanction for alleged discovery misconduct. None of the alleged misconduct occurred before the court and Plaintiff requested an evidentiary hearing on the motion to dismiss as sanction. Notwithstanding the Supreme Court's holding in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 57 (1991) requiring an evidentiary hearing before sanctioning a party for alleged misconduct occurring outside the courtroom, the district refused to hold a hearing on the motion. In its opinion the district court never identifies how the alleged misconduct is material to the adjudication of central issues in the case but concludes that any sanction other than dismissal would be inappropriate because plaintiff is *pro se*. *See* Slate v. ABC, Inc., 941 F. Supp. 2d 27, 52 (D.D.C. 2013) ("Opinion").

The panel's determination that the district court's dismissal did not abuse discretion, where no nexus between the alleged misconduct and the adjudication of central issues in the case exists, conflicts with this Court's decision in *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998).

The panel decision that a hearing was not required conflicts with the decision of the United States Supreme Court in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 57 (1991) and this court's decision in *McLaughlin v. Bradlee*, 803 F.2d 1197, 1205-06 (D.C. Cir. 1986). Accordingly, consideration by the full court is therefore necessary to secure and maintain uniformity of the court's decisions. *See* Fed. R. App. P. 35(b)

In affirming the district court's decision in this case the panel creates a dangerous precedent establishing a separate standard for sanctioning *pro se* litigants. The district court explained in its opinion that it concluded, without any inquiry into Plaintiff's

1

financial assets and after Defendant's irrelevant injection into the record of Plaintiff's commercial real estate holdings, that Plaintiff could not and would not pay monetary sanctions and therefore must be sanctioned with dismissal *based solely on* "the fact that the plaintiff is proceeding pro se". *See Slate v. ABC, Inc.*, 941 F. Supp. 2d 27, 52 (D.D.C. 2013) ("Opinion").

## QUESTIONS PRESENTED

1. Did the district court err in dismissing plaintiff's claims as a sanction without holding the requested evidentiary hearing?

2. Did the district court err in dismissing plaintiff's claims as a sanction without sufficient evidentiary record that a monetary sanction would be insufficient?

3. Did the district court commit legal error in concluding that plaintiff committed abuse of process, by seeking and being granted a restraining order against a defense witness?

4. Could the district court determine that the alleged misconduct was material to the adjudication of central issues in the case without ever identifying:

   a. the specific misconduct alleged to relate to central issues in the case;
   b. the central issues in the case; and,
   c. how the two relate?

## ARGUMENT

I. **Supreme Court Precedent Requires a Hearing before Sanctions**

The Supreme Court has indicated when sanctioning a party for conduct occurring outside the courtroom, which the district court specifically indicated formed the basis for the sanction imposed in this case, a party may only be sanctioned so long as he or she receives a hearing. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 57 (1991). In *Chambers* the Supreme Court

2

stated that a party may only be sanctioned for abuse of process occurring outside the courtroom, "As long as a party receives an appropriate hearing." *Id*. The district court denied Plaintiff's motion for an evidentiary hearing on the motion to dismiss. *Slate*, 941 F. Supp. 2d 27, 52. None of the alleged misconduct occurred at either of the two brief status hearings, which were the only time Plaintiff appeared in Judge Howell's court before she dismissed his case. *Id*. Moreover, the Plaintiff has steadfast and unequivocally denied any misconduct. *Id*. Accordingly, plaintiff was entitled to a hearing before the district court dismissed his case on grounds of misconduct merely alleged by defendants. *Chambers*, 501 U.S. at 57.

### A.  *McLaughlin* is superseded by *Chambers* and is distinguishable from the present case

The only case this court cites to support the proposition that Plaintiff's case could be summarily dismissed without a hearing is *McLaughlin v. Bradlee*, 803 F.2d 1197, 1205-06 (D.C. Cir. 1986). In *McLaughlin* this court held that *after a trial,* during which the district court directly observed the misconduct, it was not necessary for the court to hold a hearing on sanctions before imposing attorneys fees because the judge imposing the sanction had directly witnessed the misconduct in open court. <u>*McLaughlin* would stand as the exception to the rule</u> laid down by the Supreme Court in *Chambers* requiring an evidentiary hearing <u>had it not predated the Supreme Court precedent in *Chambers* by 5 years</u>. *Id.* Even if a post-*Chambers* case, like *McLaughlin*, were an exception, it is distinguishable because in the instant case the district court did not observe any of the alleged misconduct, but merely took as fact the allegations made by defense counsel.

### B.  This Court has never before Allowed Dismissal as a Sanction without a Hearing

In every case cited in the record where dismissal was imposed as a sanction, a hearing was held. *See Shepherd v. American Broadcasting Companies, Inc.*, 62 F.3d 1469, 1473 (D.C.

3

Cir. 1995) (discussing court's "hearing testimony for several days regarding the alleged misconduct"); *Koszola v. FDIC*, 393 F.3d 1294, 1300 (D.C. Cir. 2005); *Jackson v. Murphy*, 468 F. App'x 616, 618 (7th Cir. 2012) ("[t]he court held an evidentiary hearing"); *Garcia v. Berkshire Life Ins. Co. Of Am.*, 569 F.3d 1174, 1177 (10th Cir. 2009) (noting the "judge held a hearing on Berkshire's Motion for Sanctions"); *Young v. Office of U.S. Senate Sergeant at Arms*, 217 F.R.D. 61, 66 (D.D.C. 2003) (noting the trial court relied on "the testimony heard in court at the evidentiary hearing"); *Vargas v. Peltz*, 901 F. Supp. 1572, 1574 (S.D. Fla. 1995) (noting an "[o]ral argument and an evidentiary hearing was held before the Court"); *Pope v. Fed. Exp. Corp.*, 138 F.R.D. 675, 676 (W.D. Mo. 1990) aff'd in part, vacated in part, 974 F.2d 982 (8th Cir. 1992) ("the court received evidence on the motion for sanctions in a hearing"); *Handy v. Shaw, Bransford, Veilleux & Roth*, CIV.A.00-2336(CKK), 2006 WL 3791387 (D.D.C. Dec. 22, 2006) (discussing the "hearing before Magistrate Judge"). First, *McLaughlin* is distinguished because his misconduct occurred during trial before the judge who imposed the sanctions, arguably eliminating the need for an additional hearing. Second, *McLaughlin* addresses attorneys' fees, not dismissal. Third, *McLaughlin* (D.C. Cir. 1986) is supersede by *Chambers*, 501 U.S. 32, 57 (1991).

## II.   A Hearing was Required to Determine the Appropriate Sanction

A hearing was also necessary to determine the appropriate sanction, in determining the level of sanctions to be imposed the district court ignored useful information in the record verifying Plaintiff's ability to pay a monetary sanction, including but not limited to expenditures in the five figures Plaintiff made travelling to four different states to conduct depositions, or on the record references Defendants made to Plaintiff's numerous commercial

4

real estate holdings. Most importantly, however, is that the district court never inquired into Plaintiff's ability or willingness to pay a monetary sanction.

Rather than rely on the record or any discourse with Plaintiff, the district court's sole basis for concluding that a monetary sanction was not appropriate was "the fact that the plaintiff is proceeding pro se." *See* Opinion at page 38. Notwithstanding the clear evidence that the court was sanctioning Plaintiff with dismissal because he was *pro se*, the court's leaps in logic to reach its desired conclusion that Plaintiff's case must be dismissed demonstrates that a hearing was necessary and required.

**III.    The District Court Abused its Discretion in Finding an Abuse of Process**

A hearing is particularly important in this case because the District Court's factual determination that Plaintiff "used (and abused) judicial process" conflicts with determinations made by state and federal judges ruling in those outside proceedings. *Slate*, 941 F. Supp. 2d 27, 52. Such action by any lower court flies in the face of the most basic tenets of an orderly judicial system and the very essence of the bifurcated Constitutional system of governance. This Court has taken judicial notice of the fact that every federal or state tribunal that has held any hearing or trial, and through which the district court concluded Plaintiff used to abuse process, actually determined Plaintiff's claims had merit and that he was entitled to the relief he requested. *See* Per Curiam Order filed [1520620] November 4, 2014.

**A.    Under D.C. Law Plaintiff's Lawful use of Process is not an Abuse of Process**

Judge Howell made a factual finding that Plaintiff abused process in outside cases he ultimately prevailed in. *Slate*, 941 F. Supp. 2d. There cannot be a finding of abuse of process where the individual initiating the process prevails on the merits. *Harrison v. Howard Univ.*,

5

846 F. Supp. 1, 3 (D.D.C. 1993) aff'd, 48 F.3d 562 (D.C. Cir. 1995) (Holding: "one who invokes the legal process to obtain such relief as it offers commits no abuse of process. If the relief is within the power of the court or agency to grant, and is warranted by the merits, the process has been lawfully employed."). This court has taken judicial notice of the outcome of those cases in which Plaintiff prevailed and relied upon and cited by Judge Howell as the basis of dismissal for "abuse of process." *See* Motion for Judicial Notice filed [1503559] on July 20, 2014. In one such action, a federally appointed judge who actually heard the evidence not only found adequate probable cause to order an injunction but a separate judge then ordered criminal contempt charges against Defendant's key witness for violation of the restraining order. *Id*. Accordingly, the court's finding that Plaintiff engaged in an abuse of process in those cases where he prevailed on the merits is clearly erroneous and an abuse of discretion.

The district court's conclusion -- without any hearing -- that those courts were wrong and that Plaintiff was abusing process stands in direct conflict with those court's rulings. Plaintiff requested and therefore was entitled to a hearing on these issues before the District Court sanctioned him for alleged conduct in other courts, especially where those courts found in plaintiff's favor.

This court has never before deviated from the requirement that a hearing be held where the alleged misconduct occurred outside the courtroom, especially when the most draconian sanction of dismissal is at issue.

**IV.    The Alleged Misconduct is not Material to the Adjudication of Central Issues in the Case**

In this case alleging copyright infringement there is no dispute that plaintiff created the work at issue, copyrighted it, and notified defendants of his copyrights months before they

6

broadcast it without compensating him or obtaining a license. While defendants have attempted to cast almost every action by plaintiff as discovery misconduct none of that alleged misconduct relates to the adjudication of a central issue in the case. The district court is required to explain its reason for issuing a default judgment rather than a lesser sanction. *See Webb v. D.C.*, 146 F.3d 964, 971 (D.C. Cir. 1998). In the instant case, the district court made no effort to explain the link between the alleged misconduct and any central issue in the case. *Slate*, 941 F. Supp. 2d 27, 52. Indeed, the defendants conceded that their only prejudice was expending time and resources in litigation. Notwithstanding, the district court concluded without any support in the record that plaintiff could not or would not pay monetary sanctions based solely on "the fact that the plaintiff is proceeding pro se". *See* Opinion at page 38. A sanction must be based on findings supported by the record. *See Bonds v. District of Columbia*, 93 F.3d 801, 809 (D.C.Cir.1996), cert. denied, 520 U.S. 1274, 117 S.Ct. 2453, 138 L.Ed.2d 211 (1997). Accordingly, the absence of a nexus between the alleged misconduct and the adjudication of central issues in the case, and the district court's failure to explain, with supporting evidence from the record, its conclusion that lesser sanctions were inadequate requires this court to reverse the judgment of the District Court.

**V.     Monetary sanctions not dismissal were the appropriate sanction**

Monetary sanctions are more appropriate in this case than the most severe penalty of dismissal. Here the Defendants have asserted that they have spent time and resources conducting a deposition that they otherwise would not have conducted and collecting evidence they otherwise would not have collected. This sort of incursion of costs is not sufficient to justify dismissal. "[T]he fact that the other party has incurred costs due to the

7

malfeasance will not ordinarily be enough to warrant dismissal[.]" *Shea v. Donohoe Constr. Co.*, 795 F.2d at 1075. Actual prejudice to the defendants' case has not been demonstrated.

The choice of sanction should be guided by the "concept of proportionality" between offense and sanction. *See id; Butler v. Pearson*, 636 F.2d 526, 531 (D.C.Cir.1980); *cf. Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 232 (7th Cir.1990). If the court wishes to sanction Plaintiff for alleged misconduct that resulted in the deposition of Cowing then the court should impose a monetary sanction of $661.05, the cost of the Cowing deposition. *See* ECF 104-2. If the court allows its ruling to stand not only will it be sanctioning Plaintiff with a dismissal, it will also be sanctioning Plaintiff will all of the costs incurred by Defendants in this case as Defendant have submitted documents to the clerk to obtain a judgment against Plaintiff for their litigation costs. *See* ECF 104.

## CONCLUSION

The judgment of the district court should be reversed, and the case remanded with directions to deny defendants' motion for summary judgment, deny defendants' motion to dismiss, and to grant plaintiff a trial on all infringement issues and claims.

DATED January 20, 2015

*[signature]*
Gregory Slate
P.O. Box 21020
WASHINGTON, DC 20009

8

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

### I. PARTIES

Gregory Slate is the appellant/petitioner in this case. ABC News, Inc. was originally named a defendant in the original complaint, appellee/respondent American Broadcasting Companies, Inc. was substituted in the Amended Complaint. Similarly, "ABC News Interactive, Inc." was originally named as a defendant, but appellee/respondent ABC News/Starwave Partners was substituted in a Second Amended Complaint. The third appellee/respondent is Disney/ABC International Television, Inc.

### II. RULINGS UNDER REVIEW

Appellant/petitioner appealed the District Court's decision by Judge Beryl Howell granting summary judgment to appellees/respondents and also dismissing appellant/petitioners claims as a sanction for litigation misconduct. PA034-73 (Memorandum Opinion). *See* Slate v. ABC, Inc., 941 F. Supp. 2d 27, 52 (D.D.C. 2013). On November 18, 2014, a panel of this Court affirmed the dismissal of appellant/petitioner's action in an unpublished decision that did not reach the merits of the district court's summary judgment decision. The panel's order is appended to this petition. On December 12, 2014 this court extended the time to file a petition for rehearing and en banc review to January 20, 2015.

Gregory Slate

9

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on January 20, 2015, I caused a true and correct copy of the foregoing to be delivered via the courts ECF system and US mail to:

Nathan E. Siegel (D.C. Bar #446253)
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
1050 Seventeenth Street, NW, Suite 800
Washington, DC 20036
Telephone: (202) 508-1100
Facsimile: (202) 861-9888
Attorney for Defendants

*/s/ Gregory Slate*

# ADDENDUM 1A

# United States Court of Appeals
### For The District of Columbia Circuit

No. 13-7080           September Term, 2014

1:09-cv-01761-BAH

Filed On: November 18, 2014

Gregory Slate,

    Appellant

v.

American Broadcasting Companies, Inc., et al.,

    Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**BEFORE:** Tatel, Millett, and Wilkins, Circuit Judges

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's dismissal of appellant's action for bad faith conduct of litigation conduct be affirmed. The district court's factual findings of misconduct were not clearly erroneous, see United States v. Wallace, 964 F.2d 1214, 1217 (D.C. Cir. 1992); and the district court did not abuse its discretion, see Chambers v. NASCO, 501 U.S. 32, 55 (1991); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); Bristol Petroleum Corp. v. Harris, 901 F.2d 165, 167 (1995), in determining that dismissal was warranted in light of the numerous instances of misconduct it cited and the materiality of some of that misconduct to adjudication of central issues in the case. See Webb. v. District of Columbia, 146 F.3d 964, 971 (D.C. Cir. 1998). Finally, under the circumstances presented here, the district court was not required to hold a hearing on the motion to dismiss. See McLaughlin v. Bradlee, 803 F.2d 1197, 1205-06 (D.C. Cir. 1986).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                        **FOR THE COURT:**
                        Mark J. Langer, Clerk

            By:    /s/
                  Jennifer M. Clark
                  Deputy Clerk/LD